Filed 8/12/15  In re Anthony F. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re ANTHONY F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY F.,<br><br>    Defendant and Appellant. | F070703<br><br>(Super. Ct. No. JJD067981)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Thomas W. Casa, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Detjen, J. and Smith, J.

## INTRODUCTION

Appellant Anthony F. was adjudged a ward of the juvenile court after admitting to two felonies, grand theft and unauthorized cultivation, harvesting, or processing of marijuana, and one misdemeanor, possession of marijuana on school grounds. Anthony was placed on supervised probation and ordered to pay restitution in the amount of $21,450. Anthony appealed the amount of restitution and on May 19, 2015, filed a revised opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In June 2014, Anthony was apprehended by Porterville police after curfew; he had marijuana plants in his possession. Anthony stated he had taken the marijuana plants from a residence and provided law enforcement with the location of the residence. Law enforcement contacted the victim, James Lisenbery, who told the officers the value of the plants was $1,700.00.

On July 14, 2014, as to the first amended petition filed pursuant to Welfare and Institutions Code section 602,[1] Anthony admitted violating Penal Code section 487, subdivision (a), grand theft, and Health and Safety Code sections 11358, cultivation, harvesting, or processing of marijuana, and 11357, subdivision (e), possession of marijuana on school grounds. On July 31, 2014, on a new petition, Anthony admitted violating Penal Code section 148, subdivision (a)(1), evading a peace officer.

While pending disposition, Anthony was placed on electronic monitoring in the custody of his mother; he violated the terms of his electronic monitoring. The juvenile court ordered that Anthony be detained until the disposition hearing.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

At the disposition hearing held on August 21, 2014, the juvenile court found that the maximum period of confinement for the offenses was four years. Deferred entry of judgment was denied. Anthony was declared a ward of the juvenile court, placed under the supervision of the probation officer, and ordered to reside with his mother.

The matter of restitution to the victim was set for further hearing. Defense counsel indicated she intended to consult with an expert prior to the restitution hearing.

On October 20, 2014, the juvenile court held the first of two victim restitution hearings. At this hearing defense counsel requested a continuance because Anthony was not present and counsel had not yet had an opportunity to consult with an expert on the valuation of the marijuana plants. Lisenbery was present and the juvenile court ordered that he be given an opportunity to testify.

Lisenbery testified he had a recommendation from a medical doctor for medical marijuana. He stated that a total of 16 marijuana plants had been taken from his property, eight of which were mature plants. He had driven to Oakland to purchase the plants in January 2014. Lisenbery testified that a "lot of time and effort" had gone into growing the plants, and he estimated each mature plant would provide eight ounces of usable marijuana. He had been growing marijuana plants for about three years.

Based upon "research on the internet," Lisenbery valued a single mature plant at between $4,000 and $5,600. If he had to purchase marijuana, as opposed to growing it, Lisenbery testified that one ounce would cost $350 if he had to purchase the medical marijuana from Harborside,[2] a cannabis dispensary Web site. Lisenbery produced a copy of the price list from Harborside. A value of $350 per ounce, multiplied by eight ounces per plant, equaled a value of $2,800 per mature plant. At a value of $2,800 per plant, the

---

[2]In the reporter's transcript, the spelling of the cannabis dispensary is spelled "Harvest Site." For purposes of this opinion, we will spell it "Harborside," as this is how it is spelled in People's exhibit 1 attached to trial court's minute order of October 20, 2014.

value of eight mature plants equaled $22,400. Lisenbery testified that he was requesting restitution in the amount of $24,600 to cover the cost of the mature plants, the immature plants, and the shade cloth that was destroyed when Anthony stole the plants.

Defense counsel cross-examined Lisenbery. Lisenbery had used the Harborside Web site as a basis for his valuation. Defense counsel elicited information that various factors contribute to the ultimate yield of marijuana plants and not all mature plants have the same value. In response to a question from the juvenile court about the mature plants, Lisenbery verified that he had purchased marijuana plants in January and had cultivated them until July, when they were stolen by Anthony.

At the continued restitution hearing on December 22, 2014, the trial court opined that it was inclined to order restitution in the amount of $21,450. Defense counsel challenged this figure, contending that the value of $350 per ounce for marijuana was a "premium" value and Lisenbery admitted he could obtain marijuana for less. Defense counsel also argued that the tentative restitution amount was excessive, considering Lisenbery had acknowledged he was out of pocket only $6,000 and marijuana was obtainable locally for around $250 per ounce.

The juvenile court noted the objection and conceded that Lisenbery had so testified. However, the juvenile court stated that Lisenbery had, in fact, paid $350 per ounce to obtain replacement medical grade marijuana, and the juvenile court was going to use that figure rather than a lesser value for what reportedly was a lower grade marijuana. The juvenile court stated that after deducting some offsets, the value of restitution it was awarding to Lisenbery was $21,450, and the juvenile court ordered payment of victim restitution be added to the conditions of probation.

## DISCUSSION

On January 2, 2015, Anthony appealed from the December 22, 2014, restitution order. On May 19, 2015, Anthony filed a revised appellant's brief pursuant to *Wende,*

4.

*supra,* 25 Cal.3d 436. In his brief, Anthony asks this court to examine the record to determine whether counsel rendered ineffective assistance.

Our review of the record discloses that defense counsel cross-examined Lisenbery regarding the valuation of the marijuana plants, challenged the method of valuation of the plants, and argued for a significantly lower restitution award than the amount sought by Lisenbery. The juvenile court did make an offset against the amount sought by Lisenbery, ultimately awarding $21,450. A victim's valuation of loss is a proper basis for a restitution order. (*People v. Phu* (2009) 179 Cal.App.4th 280, 283-284.)

After an independent review of the record, we find that no reasonably arguable factual or legal issue exists.

## DISPOSITION

The restitution order is affirmed.